JUDGE RAKOFF

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Soraida Rodriguez (A95 936 054)  )<br>                                                           )<br>         Plaintiff,                              )<br>                                                           )<br>         v.                                         )<br>Andrea Quarantillo                       )<br>District Director, USCIS                )<br>New York , New York                  )<br>                                                           )<br>         Defendant.                         )<br>_____) | **07 CV 11262**<br><br>RECEIVED<br>DEC 1 4 2007<br>U.S.D.C. S.D. N.Y.<br>CASHIERS |

## COMPLAINT FOR MANDAMUS

TO THE HONORABLE JUDGES OF SAID COURT:

Plaintiff by her attorneys Wilens & Baker, P.C., for Lawful Permanent Residence claim for relief states as follows:

### INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by whom statutes jurisdiction is conferred, to compel Defendant to perform a duty Defendant owes to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. §555 and 701 et seq, the Administrative Procedures Act, by unlawfully withholding or unreasonably delaying action on Plaintiff's application and has failed to carry out the adjudicative functions delegated to him by law with regard to Plaintiff's case.

2. This action is brought to compel Defendant and those acting under her to rule upon the application and petition filed by the Plaintiff.

### PARTIES

3. PLAINTIFF is a citizen of the Dominican Republic. She currently resides at 561 West 180th Street, Apt. 3D, New York, NY 10033.

4. DEFENDANT, Andrea Quarantillo, is the District Director of Citizenship and Immigration Services for the District of New York, and is charged by

law with the statutory obligation to adjudicate Adjustment of Status applications.

## FACTS

5. Plaintiff filed an application for adjustment of status upon an approved abused spouse petition.

6. On March 30, 2006 Plaintiffs were interviewed by Defendant's agent. Plaintiff has never received adjudication of her application.

7. The normal and customary period prescribed by Defendant for adjudicating applications such as Plaintiff's in this District has long passed.

8. Defendant is admittedly inundated with applications such as Plaintiff's and has limited adjudication officers to adjudicate these applications.

9. This volume of cases is also why Defendant has established its own internal procedures to be able to adjudicate applications in a timely manner.

## CLAIMS

10. Defendant willfully, and unreasonably has delayed in and has refused to, adjudicate the application of Plaintiff, thereby depriving Plaintiff of her statutory right to lawful permanent residence.

11. Defendant owes Plaintiff the legal obligation to adjudicate the application within a reasonable time and has unreasonably failed to perform that duty.

12. Defendant's failure to adjudicate Plaintiff's application has the effect of placing plaintiff in a status where she may be subject to Removal (Deportation) Proceedings; where her current status restricts her employment opportunities because of the uncertainty of her application and therefore is a direct financial detriment; where Plaintiff's current status requires her to pay a yearly fee Defendant to renew her authorization to work in the United States and is another financial detriment; where this delay has the effect of also delaying when she is eligible to apply for Naturalization.

13. Individuals with pending adjustment applications such as plaintiffs may also be restricted in their ability to travel outside of the United States, even with Defendant's grant of advance parole, due to recent legislation which

      would bar them from receiving their legal resident status due to their unlawful presence in the United Status.

14.    Plaintiff has exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

(1)    Compel Defendant and those acting under her to perform their duty and adjudicate the application;

(2)    Grant such other and further relief as to this Court seems proper under the circumstances; and

(3)    Grant attorney's fees and costs of court.

Respectfully submitted,
By: Spiro Serras, Esq.
(ID# SS 9232)

WILENS & BAKER, PC
Attorneys for Plaintiffs
450 Seventh Avenue
New York, NY 10123
212-695-0060

Dated: November 28, 2007